UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CR-80089-MARRA

UNITED STATES OF AMERICA,
　　　　Plaintiff,

vs.

MOHAMMED MUSTAFA AGBAREIA,
　　　　Defendant.
_____/

FILED by _____ D.C.

JUN 2 8 2017

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

ORDER ON MOTION TO SEAL

This cause comes before the Court on the Government's Motion to Seal, presented to the Court on June 27, 2017, which seeks to seal an exhibit attached to the motion as well as portions of the Defendant's pre-trial detention hearing discussing facts, or containing argument referencing facts, pertaining to the topic discussed in the exhibit. Counsel for the Government also sought, *ore tenus*, to have the motion itself sealed.

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). However, this right is not absolute, and a court has "discretion to determine which portions of the record should be placed under seal." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). A court's discretion "is guided by the presumption of public access to judicial documents," and that discretion must "be exercised in light of the relevant facts and circumstances of the particular case." *Id.* (internal quotation marks omitted) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). While there is a presumption of openness in

1

criminal proceedings, "[a] party may overcome that presumption if it can show 'an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Ochoa-Vasquez*, 428 F.3d at 1030 (quoting *Press-Enterprise v. Superior Ct. of California, Riverside County*, 464 U.S. 501, 510 (1984)).

The Court has considered the information contained in the exhibit that the Government seeks to seal. The Court has also considered the presumption of openness in judicial, and particularly criminal, proceedings. Having considered these factors, the Court finds that there is an overriding interest in this circumstance and that closure is essential to preserve higher values. The information contained in the Government's exhibit is sensitive. Moreover it discusses information which, if known publicly, may endanger particular individuals. The Court finds that the interest of those individuals' safety is an overriding interest that merits closure of portions of the proceedings discussing that sensitive information.

The Court has also considered how to narrowly tailor the closure of proceedings to serve the overriding interest. The Government proposed that discussions of the topic discussed in its exhibit occur at sidebar. However, these proceedings are only recorded by way of audio recording, rather than court stenographer; therefore, there would be no transcript or other record of statements made at sidebar. In order to maintain a record of the proceedings, while still protecting the interest discussed above, the Court finds that the only reasonable option is to seal the courtroom itself during discussions of the topic discussed in the Government's exhibit. The Court will seal the courtroom only for those limited times when the parties alert the Court that it is necessary to discuss this topic. Therefore, it is:

ORDERED AND ADJUDGED that the Government's Motion to Seal is **GRANTED**. The Government's motion submitted on June 27, 2017, and the exhibit attached to it shall be **SEALED** for a period of one year. The recording of those portions of the proceedings on June 27, 2017, during which the Court indicated that the courtroom should be sealed, is similarly **SEALED** for a period of one year. This order shall extend to the portions of recordings of the continuation of the defendant's pre-trial detention hearing on future dates during which the topic discussed in the Government's exhibit must be discussed. Either party has the right to move to extend the sealing period for good cause shown.

DONE AND ORDERED this 28 day of June 2017 at West Palm Beach Florida.

*James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

3