UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 17-CR-80089-MARRA

UNITED STATES OF AMERICA,

vs.

MOHAMMED MUSTAFA AGBAREIA,
                Defendant.
_____/

## DEFENDANT AGBAREIA'S RESPONSE IN OPPOSITION TO PROCEEDING UNDER 18 U.S.C. APP.III (CIPA)

The Defendant, through undersigned counsel, hereby files this objection to the Government's request to invoke the procedures outlined in 18 U.S.C. App III also known as the Classified Information Procedures Act (CIPA).

## FACTS

Defendant is charged in a Superseding Indictment with six counts of wire fraud in violation of 18 U.S.C. Section 1343. During the course of his detention hearing before Magistrate Hopkins, the Government objected to the introduction of certain evidence by the Defendant on the grounds that the testimony would result in the unauthorized disclosure of "classified material". As a result of that objection, the press was removed from the courtroom and proceedings were held outside of public scrutiny.

On June 29, 2017, the Government filed a Motion for Pre-trial Conference pursuant to 18 USC App III (CIPA) Section 2. (DE 12). In that motion, the Government once again asserts that the anticipated testimony from defense witnesses (the wife and son of the Defendant) "would result in the unauthorized disclosure of classified material." The Government further asserts that it "anticipates that issues involving classified material or information will arise in this case, and that, at the very least, the Defendant intends to elicit testimony at his pre-trial detention hearing that will likely contain classified information." Due to this fear, the Government requested a pre-trial conference "as required by Section 2 of CIPA before the pre-trial detention hearing, or any other proceeding in this case continues."

## INADEQUATE SHOWING TO INVOKE CIPA PROCEDURES

The Defendant objects to the Government request on the grounds that there has not been an adequate showing sufficient to trigger CIPA procedures. "Classified information" is defined in the Act itself as "any information or material that has been determined by the United States Government pursuant to an Executive Order, statute, or regulation to require protection against unauthorized disclosure for reasons of national security…" 18 USC App III sec. 1(a). There has been no showing by the Government whether the "classified information" it seeks

to protect gained that status by Executive Order, statute, regulation or simply by the request of an FBI field agent.

This is important because the Second Circuit has held in several cases that CIPA procedures are triggered when "(1) there is 'a reasonable danger that compulsion of the evidence will expose…matters which, in the interest of national security, should not be divulged' and (2) the privilege is 'lodged by the head of the department which has control over the matter, after actual personal consideration by that officer.'" *USA v. Aref,* 533 F.3d 72, 80 (2nd Cir. 2008). See also *USA v. Abu-jihaad,* 630 F.3d 102, 141 (2nd Cir. 2010). The Government has made no showing at all in this case that any agency head has reviewed this claim of privilege or given it any "personal consideration".

Likewise, while the Government continues to describe the material as "classified", it has offered no clue as the level of classification involved. According to Executive Order 13292 signed by President George W. Bush on March 25, 2003, there are only three levels of classified information: "top secret", "secret" and "confidential". While the Government is not required to disclose the classification level of the challenged evidence, doing so would be helpful in alleviating concerns that it is not "classified" simply because it might embarrass law enforcement or in some way hinder prosecution of this or other cases. See Sealed Exhibit at DE 9.

**WHEREFORE** the Defendant respectfully requests this Honorable Court enter an Order denying the Government's Motion to Proceed Under 18 USC App. III.

Respectfully Submitted,

*/s Donnie Murrell*
_____
**DONNIE MURRELL, ESQUIRE**
**FLORIDA BAR NO: 326641**
400 Executive Center Drive
Suite 201—Executive Center Plaza
West Palm Beach, FL 33401
Telephone: (561) 686-2700
Facsimile: (561) 686-4567
Email: ldmpa@bellsouth.net
Attorney for Defendant Agbareia

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 30, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s Donnie Murrell*
_____
**DONNI E MURRELL, ESQUIRE**

# SERVICE LIST

**U.S.A. vs. MOHAMMED MUSTAFA AGBAREIA**
**CASE NO: 17-80089-CR-MARRA**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Jared M. Strauss, Esq.
Assistant United States Attorney
500 East Broward Boulevard
Seventh Floor
Ft. Lauderdale, FL 33394
Telephone: (954) 356-7255
Facsimile: (954) 356-7336
Email: Jared.Strauss@usdoj.gov
Attorney for Plaintiff, U.S.A.
Via Notice of Electronic Filing
Generated by CM/ECF